UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CR-00015-R

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.

DWAYNE MICHAEL JOSEPH, et al.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Dwayne Michael Joseph's Motion for Judgment of Acquittal or For a New Trial (DN 635). Plaintiff has responded (DN 641) and the time to file a reply has passed. This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

**BACKGROUND**

Defendant Dwayne Michael Joseph was arrested following a lengthy investigation by the Drug Enforcement Administration (DEA) and local law enforcement officers into the sale of crack cocaine in Hopkinsville, Kentucky. On January 18, 2011, following a six-day trial, a jury found him, along with two other defendants, guilty of conspiracy to possess and distribute fifty grams or more of crack cocaine (violation of 21 U.S.C. §§ 841(b)(1)(A), 846). During its case-in-chief, the Government presented testimonial evidence as well as taped telephone conversations between Joseph and other conspirators. Joseph now moves, through counsel, for a judgment of acquittal or for a new trial under Federal Rules of Criminal Procedure 29 and 33.[1]

---

[1] This motion was made and responded to without the aid of a trial transcript, which was unavailable so soon after the trial. The Court has however had the benefit of reviewing the transcripts in deciding the instant motion.

1

**STANDARD**

On the defendant's motion, even after a guilty verdict by the jury, a court may enter an order of acquittal "if the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000). In examining the proof presented at trial, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court must refrain from considering witness credibility, weighing the evidence, or substituting its own judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002).

A court may also vacate any judgment by a jury and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). District courts have broad discretion in determining whether to grant a Rule 33 motion. *United States v. Wheaton*, 517 F.3d 350, 360-61 (6th Cir. 2008). When a criminal defendant petitions for a new trial alleging insufficient evidence, a court "must weigh the evidence . . . [to] evaluate for itself the credibility of the witnesses" and can "only set aside the verdict if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987) (citation omitted). Courts should exercise extreme caution when deciding to grant new trials. *United States v. Willis*, 257 F.3d 636, 645-46 (6th Cir. 2001); *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).

**DISCUSSION**

Joseph offers three reasons why he merits relief under Rules 29 and 33.[2] First, he charges that the jury convicted him upon evidence that was not related to the overall conspiracy detailed in the indictment. To illustrate this point, he refers to Government witness Trey Galbreath. Galbreath testified that during the relevant time period, he saw Joseph receive large quantities of cocaine in Clarksville, Tennessee, from co-conspirator Rex Whitlock. DN 665 at 137-142. Relying upon this testimony, Joseph cites two questions submitted by the petit jury to the Court following the submission of the case for its deliberation.[3] Reading together Galbreath's testimony and the jury's questions, Joseph concludes that "his conviction was based solely on and exclusively on . . . the alleged Clarksville transactions." DN 635 at 7. With this, Joseph posits that he was not convicted on the underlying conspiracy as described in the indictment, and therefore he is entitled to an acquittal or a new trial. Second, Joseph declares that the verdict was not supported by sufficient evidence because many of the witnesses were not credible or their testimony was uncorroborated. Third, he argues that since he currently faces a mandatory minimum sentence of twenty years in prison, the Court should revisit his conviction because such an outcome is "draconian." DN 635 at 11.

The Government responds to these arguments by recounting the narrative offered during the trial. It states that witness Demetrius Williams testified that over the two-year conspiratorial period, he sold Joseph fifty to sixty ounces of crack. Williams also indicated that he knew the

---

[2] In his motion, Joseph does not differentiate between these two standards when addressing his reasons for overturning the jury's verdict. As such, the Court will address his arguments under Rules 29 and 33 simultaneously.

[3] The two questions submitted by the jury were as follows: (1) "In reference to the conspiracy, do the findings need to pertain to crack cocaine only. Or can it include powder cocaine?"and (2) "Does a defendant have to be in a conspiracy with one of the named conspirators, or can it be with one not named on the list?" DN 667 at 151; DN 667 at 160.

crack was not for Joseph's personal use since he told Williams that he sold the crack and that his customers had complained of its quality. Witness Ronnie Whaley told the jury that he had personally delivered a kilogram of cocaine to Joseph at the behest of another co-conspirator. Further evidence in the form of recorded intercepts was offered at trial, in which Joseph could be heard asking for a "ten-piece," which was later identified by Williams as ten ounces of crack. Lastly, regarding Galbreath, the Government witness corroborated much of the offered testimony, recounting that he personally delivered to Joseph large cash payments from drug transactions and that he had seen Joseph accept cocaine from a co-conspirator.

In rejecting Joseph's second stated reason for vacating the jury verdict, the Court finds that there was ample proof arrayed at trial upon which Joseph's conviction could have been premised. Three different individuals offered sworn testimony that they had either given Joseph or witnessed him receive crack or cocaine. Recorded telephone conversations, interpreted by one of these witnesses, corroborated this testimony. For a conviction under section 846 of the federal criminal code, the Government must prove the existence of a drug conspiracy and that the defendant participated in it. Any number of items from the above-described evidence could have established the necessary elements and persuaded the jury as to Joseph's guilt. While past felony convictions undermined their credibility, the stories offered by the witnesses support the jury's final conclusion: that Joseph was involved in criminal conspiracy to distribute large quantities of crack cocaine. Thus, it cannot be said that a reasonable trier of fact was incapable of convicting Joseph under this evidence, *see Gardner*, 488 F.3d at 710 (reciting the standard for Rule 29), or that "the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *See Rodriguez*, 812 F.2d at 417 (reciting the standard for Rule 33).

In dispatching the first argument offered by Joseph in this motion, suffice it to say that neither he nor the Court is clairvoyant; thus it is a mystery upon what proof the jury relied in reaching its final decision. The only relevant question is if there was sufficient proof upon which a verdict of guilty could have been reached, a query that has already been answered in the affirmative. Moreover, Galbreath's testimony, that he witnessed Joseph accept cocaine from a co-conspirator, supports the existence of the alleged conspiracy. Ergo, his argument that he was convicted with evidence unconnected to the conspiracy is incorrect. Considering Joseph's third contention, the Court will not vacate the jury's verdict simply because he faces a mandatory minimum sentence of twenty years. He has failed to provide, nor has this Court encountered, controlling legal precedent whereby such a remedy is justified. What is more, this minimum sentence is mandated by statute and therefore the Court must abide by its clear language.

## CONCLUSION

In summary, the jury's guilty verdict against Defendant Dwayne Michael Joseph was supported by sufficient proof. For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion (DN 635) is DENIED.